# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 26-90076** |
| THE NEIMAN MARCUS | § | |
| GROUP LLC, | § | **CHAPTER 11** |
| | § | |
| Debtor. | § | |
| | § | |
| ANDREI RUS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | **ADVERSARY NO. 26-3032** |
| | § | |
| NEIMAN MARCUS GROUP, | § | |
| LLC, *et al.*, | § | |
| | | |
| Defendants. | | |

## MEMORANDUM OPINION GRANTING THE NEIMAN MARCUS GROUP, LLC'S MOTION TO DISMISS PLAINTIFF'S ADVERSARY COMPLAINT

This matter comes before the Court on the motion of Defendant Debtor The Neiman Marcus Group, LLC ("NMG") to dismiss Plaintiff Andrei Rus's adversary complaint.[1] For the reasons explained below, the Court grants NMG's motion and dismisses the adversary complaint without prejudice.

## BACKGROUND

Plaintiff Andrei Rus is a former employee of Debtor NMG. Pre-petition, Mr. Rus filed a lawsuit against NMG in the District of Hawaii

---

[1] ECF No. 33.

("Hawaii Lawsuit").[2] His lawsuit asserts various claims against NMG under state law and federal law.[3] Defendant Littler Mendelson, P.C. ("Littler") represents NMG in the Hawaii Lawsuit.[4]

On January 13, 2026, Debtor NMG filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code").[5] Thereafter, on January 21, 2026, NMG filed a Suggestion of Bankruptcy in the Hawaii Lawsuit.[6]

On February 2, 2026, Mr. Rus filed the instant adversary complaint against Defendants NMG, Littler, and Does 1–25.[7] In his complaint, Mr. Rus alleges that he served NMG and Littler with a Litigation Hold and Preservation Demand which required immediate preservation of electronically stored information ("ESI") and a response within seven days.[8] Mr. Rus alleges that he failed to receive confirmation from Littler or NMG that a litigation hold had been issued.[9] He further alleges that evidence relevant to his claims in the

---

[2] *See* Complaint for Damages and Injunctive Relief, Rus v. The Neiman Marcus Group LLC, No. 1:25-cv-00410-JAO-KJM (D. Haw. Sep. 22, 2025), ECF No. 1.

[3] Mr. Rus's Hawaii lawsuit includes claims for: disability discrimination and retaliation; wrongful termination in violation of public policy; wage theft, commission interference, and unemployment benefits denial; intentional infliction of emotional distress; negligent hiring, retention, and supervision; defamation; age discrimination; national origin discrimination; and sex/gender discrimination.

[4] ECF No. 1 at 2.

[5] Case No. 26-90076, ECF No. 1.

[6] *See* Suggestion of Bankruptcy Filing and Imposition of Automatic Stay, Rus v. The Neiman Marcus Group LLC, No. 1:25-cv-00410-JAO-KJM (D. Haw. Sep. 22, 2025), ECF No. 28.

[7] ECF No. 1. Mr. Rus also filed an Emergency Motion for TRO, Forensic Preservation, And Custodian Declaration on February 2, 2026. ECF No. 2. In it, he requested the Court bar deletion or alteration of any ESI. On February 6, 2026, the Court issued an Order Setting Hearing on the motion for February 12, 2026. ECF No. 3. At the February 12th hearing, Debtor NMG alleged that, after learning of Mr. Rus's intent to commence an action against NMG, it issued a broad litigation hold notice in July 2025 to those within its organization that could have relevant information. ECF No. 21 at 4–5. Upon consideration of the pleadings, the Court denied Mr. Rus's motion for a temporary restraining order ("TRO") finding that he failed to meet any of the elements required to prevail on a motion for a TRO. ECF No. 21 at 6.

[8] ECF No. 1 at 2.

[9] ECF No. 1 at 2.

Hawaii lawsuit had been lost or were at risk of being lost.[10] Mr. Rus asserts three claims for relief which include: a claim against all Defendants for post-petition spoliation and violation of court authority under 11 U.S.C. § 105; an administrative expense claim against NMG under 11 U.S.C. § 503(b); and a claim against NMG and Littler for failure to preserve and turn over estate property under 11 U.S.C. §§ 542 and 1106.[11]

On March 2, 2026, Debtor NMG filed a motion to dismiss Mr. Rus's adversary complaint for a failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).[12] Mr. Rus filed a response on March 16, 2026, and Debtor NMG filed a reply on March 30, 2026.[13] On April 10, 2026, the Court held a hearing on the matter and took the matter under advisement.[14]

### JURISDICTION & VENUE

28 U.S.C. § 1334(a) provides district courts with jurisdiction over this proceeding.  28 U.S.C. § 157(b)(1) states that "[b]ankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title."  This proceeding has been referred to this Court under General Order 2012-6 (May 24, 2012).  This Court has jurisdiction in this proceeding as it is a core proceeding which the Court can consider under 28 U.S.C. § 157(b)(1).  The Court has constitutional authority to enter final orders and judgments. *Stern v. Marshall*, 564 U.S. 462, 486–87 (2011). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

---

[10] ECF No. 1 at 3.

[11] ECF No. 1 at 3.

[12] ECF No. 33.

[13] ECF No. 44; ECF No. 53.

[14] ECF No. 68.

### DISCUSSION

Defendant NMG brings this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) is applied in this proceeding pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure. FED. R. BANKR. P. 7012(b).

A Rule 12(b)(6) motion tests the sufficiency of a complaint. *Briceno-Belmontes v. Coastal Bend Coll.*, No. 2:20-CV-00114, 2022 U.S. Dist. LEXIS 39354, at *19 (S.D. Tex. Mar. 5, 2022). In deciding a Rule 12(b)(6) motion, the Court must accept all well-plead facts in the plaintiff's complaint as true and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court should ignore conclusory allegations and instead consider the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). The plausibility standard "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements." *Southern Scrap Material Co. LLC v. ABC Ins. Co. (In re Southern Scrap Material Co. LLC)*, 541 F.3d 584, 587 (5th Cir. 2008) (citation modified).

The United States Supreme Court explains:

A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face[]" . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops

short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). Courts hold pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). However, despite the less stringent standards, pro se plaintiffs still must plead factual allegations that raise the right to relief above a speculative level. *Id.*

Mr. Rus's complaint alleges claims under § 105, § 503(b), § 542, and § 1106.[15] The Court will analyze the sufficiency of each claim in turn.

### I.    Claim Against All Defendants Under 11 U.S.C. § 105

Mr. Rus's complaint alleges that he served NMG and Littler with a Litigation Hold and Preservation Demand on January 15, 2026.[16] He alleges that NMG and Littler did not confirm the litigation hold by the seven-day deadline he imposed, and that Defendants NMG and Littler failed to implement their preservation duties.[17] Mr. Rus alleges that NMG's actions constitute post-petition spoliation and asks this Court to remedy this conduct under 11 U.S.C. § 105.[18]

11 U.S.C. § 105(a) provides the Court with the authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title [Title 11]." Section 105 does not authorize bankruptcy courts to "create substantive rights that are otherwise unavailable", and it does not give bankruptcy courts a "roving commission to do equity." *United States v. Sutton*, 786 F.2d 1305, 1308 (5th Cir. 1986). Instead, §105 serves to further the substantive provisions conferred elsewhere in the Bankruptcy Code. *See id.* at 1307–08; *Harrington v. Purdue Pharma L.P.*, 603 U.S. 204, 216 n.2 (2024).

---

[15] ECF No. 1 at 3.
[16] ECF No. 1 at 2.
[17] ECF No. 1 at 2.
[18] ECF No. 1 at 3.

In accordance with a bankruptcy court's broad authority to implement the Bankruptcy Code, § 105 has been interpreted as supporting a court's inherent authority to impose civil sanctions for abuses of the bankruptcy process. *See Caroll v. Abide (In re Carroll)*, 850 F.3d 811, 816 (5th Cir. 2017). Notably, however, a court's "inherent power does not extend to collateral proceedings that do not threaten the court's own judicial authority or proceedings." *Id.* at 816 n.3. Courts often define an abuse of process as including "maneuvers or schemes which would have the effect of undermining the integrity of the bankruptcy system." *See Garcia Grain Trading Corp. v. Plascencia (In re Garcia Grain Trading Corp.)*, No. 23-70028, 2024 Bankr. LEXIS 3015, at *14 (S.D. Tex. Dec. 17, 2024).

Taking all factual allegations in Mr. Rus's complaint as true, Mr. Rus's complaint does not plausibly support a claim for relief under § 105. The complaint does not identify any section of the Bankruptcy Code that would be carried out by his requested relief. Instead, his complaint contains bare allegations that NMG and Littler failed to implement a litigation hold in connection with his pre-petition state lawsuit.[19] It seems the only factual support Mr. Rus provides for his conclusion that NMG and Littler failed to implement the litigation hold is that they did not confirm they did so by Mr. Rus's deadline. To the extent he seeks sanctions against the Defendants under § 105 for abusing the bankruptcy process, the alleged facts are insufficient to support a plausible claim for relief. Therefore, the Courts finds that Mr. Rus's complaint does not state a claim upon which relief can be granted under 11 U.S.C. § 105.

## II.     Claim Against NMG Under 11 U.S.C. § 503(b)

Mr. Rus's complaint also contains a claim for an administrative expense against Debtor NMG under 11 U.S.C. § 503(b).[20] He suggests

---

[19] ECF No. 1 at 2–3.
[20] ECF No. 1 at 3.

that NMG's post-petition destruction of evidence caused him damages which entitle him to an administrative expense.[21]

Section 503(b) permits an entity to file a request for payment of an administrative expense. *See* 11 U.S.C. § 503(b). It provides allowed administrative expenses for "actual, necessary costs and expenses of preserving the estate." *See* 11 U.S.C. § 503(b)(1)(A). This is typically established by evidence that the claim (1) arises from a transaction with the debtor-in-possession and (2) benefits the estate and its creditors. *See In re Jartran, Inc.*, 732 F.2d 584, 587 (7th Cir. 1984).

Mr. Rus's complaint does not allege a plausible claim for relief under § 503(b). He has not alleged any facts that support a claim arising from an actual or necessary cost or expense benefiting the estate and its creditors. Therefore, he has failed to state a claim upon which relief can be granted under § 503(b).

### III. Claim Against NMG and Littler Under 11 U.S.C. § 542 and 11 U.S.C. § 1106

Lastly, Mr. Rus requests relief under 11 U.S.C. § 542 and 11 U.S.C. § 1106.[22] He alleges that relevant ESI must be preserved and produced and that Littler had a duty to ensure compliance.[23]

Section 542 of the Bankruptcy Code provides for the turnover of estate property to a trustee. *See* 11 U.S.C. § 542. A turnover suit is one in which a trustee seeks to obtain property of the bankruptcy estate that is in the possession of a third party. *See Browning v. Navarro*, 826 F.2d 335, 340 (5th Cir. 1987). Here, Mr. Rus is not a trustee and has not alleged any facts to support a plausible turnover claim. Therefore, Mr. Rus does not state a claim upon which relief can be granted under § 542.

Mr. Rus's complaint also fails to state a plausible claim for relief under § 1106. Section 1106 provides the trustee and examiner's duties.

---

[21] ECF No. 1 at 3.
[22] ECF No. 1 at 3.
[23] ECF No. 1 at 3.

*See* 11 U.S.C. § 1106. Mr. Rus does not allege how he is entitled to relief under § 1105 nor does he allege what duties under § 1105 the trustee has violated. Accordingly, Mr. Rus fails to state a claim upon which relief can be granted under § 1106.

## CONCLUSION

For the reasons stated above, NMG's Motion to Dismiss is GRANTED and Mr. Rus's complaint is DISMISSED without prejudice.[24]

The Defendants are requested to settle a proposed order reflecting the Court's ruling and denying as moot ECF Nos. 27, 28, 29 and 38 within 14 days.

SIGNED 05/09/2026

Alfredo R Pérez
United States Bankruptcy Judge

---

[24] Although the Court finds it hard to believe any set of facts based on these allegations could or would state a claim for relief that survives a 12(b)(6) motion, it will nevertheless follow Fifth Circuit precedent and dismiss Mr. Rus's claim without prejudice. *Good v. Allain*, 823 F.2d 64, 67 (5th Cir. 1987) (citing *Moawad v. Childs*, 673 F.2d 850, 851 (5th Cir.1982)) ("When a dismissal of a pro se complaint is warranted, it should generally be without prejudice in order to afford the plaintiff the opportunity to file an amended complaint.").